## *In re* SMITH'S ESTATE.

### (*Surrogate's Court, New York County.* June 29, 1888.)

1. TAXATION—EXEMPTION—FOREIGN CAPITAL SENT FOR INVESTMENT.

 1 Rev. St. N. Y. marg. p. 389, § 5, and page 419, § 3, Laws 1851, c. 176, declare that agents of capitalists shall not be liable to taxation for moneys transmitted to them for investment, and also that any bond, mortgage note, contract, or other demand belonging to a non-resident, and sent or deposited here for collection, shall be exempt. *Held*, that the proceeds of goods sent to this state for sale by a foreigner, which are left here for investment, are not liable to taxation; and the death of the owner, and the appointment of an ancillary executor to collect and transmit the estate, do not so transfer the title to the ancillary executor as to render them subject to taxation.

2. REFERENCE—CORRECTING REPORT.

 It is not good practice to amend the referee's report, either in respect of any ambiguity in the language used, or for a clerical error, but it should be referred back to him for correction.

On exceptions to referee's report.

The statutes under which the exemption from taxation was claimed are 1 Rev. St. marg. p. 389, § 5, and page 419, § 3, Laws 1851, c. 176, which provide, in substance, that the agents of capitalists shall not be liable to taxation for any moneys transmitted to them for investment, and also that any bond, mortgage note, contract, account, or other demand, belonging to a non-resident, sent or deposited in this state for collection, shall also be exempt.

*M. M. Budlong,* for objectors.    *P. J. Rudden,* for the administratrix of Mary Rudden.    *Evarts, Choate & Beaman,* for administratrix.

RANSOM, S.  I am of opinion that the learned referee erred in respect of the important question in this proceeding, to wit:  The legality of the tax imposed upon the personal estate of the deceased, and which was paid by the ancillary executor without question or claim on his part that such property was exempted by our law.  I have most carefully considered the referee's opinion, and have studied the cases cited to sustain his position.  The chief cause of this error, in my view, is the assumption that the death of the testator in any respect changed the *status* of this property.  It seems clear to me on principle, and on construction of the statute enacted for the encouragement of foreigners to invest their accumulations here, quite apart from the numerous cases holding my view, that in the life-time of the testator this property was exempted from taxation.  His death and the appointment of an ancillary executor, whose sole duty is to collect and transmit the estate, does not work such a devolution of title thereto from the testator to the ancillary executor as to render it then subject to taxation.  The case of *Ferrer* v. *Commissioners,* 42 Hun, 560, and affirmed in 105 N. Y. 629, (mem. dec.,) is authority for this proposition.  The fact that this money was realized by the sale of goods here by the testator, and then left for investment, is not material.  The fact is abundantly established that the money taxed was the property of a foreigner, and by sensible construction had been transmitted here by him for investment.  It surely should not be claimed that the money must be actually sent back to him, and then transmitted for investment here, in order to entitle the agent receiving it for such purpose to exemption from taxation.  The exception to the referee's finding on this question must be sustained.

It is not good practice to amend the report of a referee, either in respect of any ambiguity in the language used by him, or for a clerical error.  The letter addressed by the referee to the attorneys for the executor cannot be regarded as a formal amendment to this report.  He is *functus officii.*  An order will be signed, if desired, referring it back to the referee, and reappointing him for the purpose of correcting his report, as indicated in his letter to the executor's attorneys.

As to the merits of the objection made to the payment by the executor to his attorneys, there having been a conflict of evidence, I sustain the referee, and therefore overrule the exception to his finding in that regard. The attorneys were entitled to a substantial fee. They had rendered important professional services to the executor, and, upon the question of value therefor, the referee's finding, after hearing the witnesses for each side, should be and is final, except it be so clearly against the weight of evidence that it substantially has no evidence at all to sustain it. I do not perceive that I have any power over the question raised by the third objection. If the real estate in Scotland belongs to the testator, notwithstanding the title thereto is in the name of his widow, her obligations in respect of the same to the estate, or to any persons interested therein, must be ascertained and enforced by some other tribunal. This objection is therefore overruled.